947 F.2d 940
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Clarence COOMBS, Debtor.
Joyce BOZARTH; Donald Bozarth, Appellants,
v.
Paul Thomas GLASGOW, Receiver; Gerald Danoff, Trustee, Appellees,
and
Clarence Coombs, Defendant.
 No. 91-1061.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1991.
Decided Nov. 1, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-90-3276-JFM, CA-91-229-JFM, BK-90-5-1421)
 Walter E. Carson, Silver Spring, Md., for appellant.
 Gerald Danoff, Dennis W. King, Danoff & King, P.A., Towson, Md., David E. Rice, Rochelle B. Fowler, Venable, Baetjer and Howard, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donald and Joyce Bozarth appeal from the district court's decision allowing a state court-appointed receiver of a debtor's interest in a partnership to transfer the proceeds from the sale of this interest to the bankruptcy trustee of the debtor's estate, despite state court ratification of the sale seven months prior to the filing of the debtor's bankruptcy petition.
 
 
 2
 In December 1983, the Bozarths obtained a default judgment against Clarence Coombs in the amount of $31,597.32. Four years later, Paul Glasgow was appointed as receiver for the sale of Coombs' interest in a Maryland general partnership. Glasgow arranged a sale for $200,000. The state court ratified the sale in August 1989. When several other creditors intervened, the state court referred the matter to the court's standing auditor to state and file an accounting of the various claims against the proceeds.
 
 
 3
 In April 1990, Coombs filed a bankruptcy petition. Pursuant to 11 U.S.C. § 543(b)(2), Glasgow filed a motion in the Bankruptcy Court for the District of Maryland seeking an order authorizing turnover of the property to the bankrupt's estate. The motion was granted. The Bozarths filed a motion for reconsideration and subsequently appealed the denial of that motion to the district court. Upon affirmance, they appealed to this Court.
 
 
 4
 The Bozarths contend that when the state court ratified the sale of the partnership interest, under state law, it ceased to be the property of Coombs within the meaning of 11 U.S.C. § 542.
 
 
 5
 Under 11 U.S.C. § 541(a)(1), the property of the estate is all legal or equitable interests of the debtor in property as of the commencement of suit. Although these equitable or legal property rights are defined by state law, once that determination is made, federal bankruptcy law dictates to what extent that interest is the property of the estate. See In re N.S. Garrott & Sons,, 772 F.2d 462 (8th Cir.1985); In re O'Brien, 50 Bankr. 67 (E.D.Va.1985).
 
 
 6
 Appellants cite Maryland cases which stand for the proposition that once a court ratifies an ordered sale of property, equitable title vests with the purchaser. Once this vesting occurs, the debtor no longer has an interest in the property. While this may be a valid statement of Maryland law, it only signifies that Coombs no longer has an interest in the partnership itself. However, Coombs retains an interest in the equitable distribution of the partnership proceeds.
 
 
 7
 As a custodian, Glasgow was under the following directive:
 
 
 8
 § 543. Turnover of property by custodian
 
 
 9
 (a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.
 
 
 10
 (b) A custodian shall--
 
 
 11
 (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and
 
 
 12
 (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.
 
 
 13
 11 U.S.C. § 543.
 
 
 14
 The property interest Coombs retained in the proceeds from the sale of his partnership interest fit squarely into the directive of section 543 to turn over all proceeds of property of the bankrupt's estate. See, e.g., In re Nicfur-Cruz Realty Corp., 50 Bankr. 162 (S.D.N.Y.1985).
 
 
 15
 Accordingly, we find no merit in appellants' claims, and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 16
 AFFIRMED.